# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GERALD STALLWORTH,

          Petitioner,    :    Case No. 1:24-cv-82

  - vs -                        District Judge Matthew W. McFarland
                                  Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                  :
         Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Gerald Stallworth to obtain relief from his convictions for rape in the Hamilton County Common Pleas Court and his consequent sentence to imprisonment in Respondent's custody. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Reply (ECF No. 11, labeled "Rebuttal").

**Litigation History**

On September 19, 2017, a Hamilton County Grand Jury indicted Stallworth on eleven counts of rape, one count of unlawful sexual activity, and one count of sexual battery, all with a minor (Indictment, State Court Record, ECF No. 9, Ex. 1). After a mental health evaluation, on April 10, 2018, Petitioner withdrew his original plea of not guilty and entered a plea of guilty to

1

five counts of rape (Counts 2, 5, 6, 11, 12). (Entry Withdrawing Plea of Not Guilty and Entering Plea of Guilty, State Court Record, ECF No. 9, Ex. 6). He was thereafter sentenced to twenty years imprisonment (Judgment, State Court Record, ECF No. 9, Ex. 10). Petitioner appealed, complaining of the length of his sentence, but the First District Court of Appeals affirmed and he did not appeal further to the Ohio Supreme Court.

On October 18, 2021, Petitioner filed a motion to withdraw his guilty plea, claiming he misunderstood that he would be eligible for early release after ten years (Motion, State Court Record, ECF No. 9, Ex. 16). The Common Pleas Court denied that Motion. *Id.* at Ex. 17. The First District then affirmed. *State v. Stallworth*, 224 N.E.3d 1167 (Ohio App. 1st Dist. Sept. 20, 2023). The Supreme Court declined jurisdiction of a further appeal. *State v. Stallworth*, 172 Ohio St. 3d 1434 (2023).

Stallworth filed his Petition in this Court February 21, 2024, pleading the following single ground for relief:

> **Ground One:** Trial Court Denied Appellant's Right to Due Process, when it failed to conduct a Hearing on Motion to Withdraw Guilty Plea.
>
> **Supporting Facts:** Appellant found in the trial record that the judge stated that he could possible [sic] earn credit on his sentence if he participated in approved programs in accordance with Ohio Revised Code 2967.193. The judge did state that a prison term would be mandatory, however Appellant believed that to mean the law required a prison term.
>
> Based upon the judge's words and the explanation given to him by his attorney he believed he could earn away [sic] to get out early. At no time during the discussion with the judge, did the judge ever state that the sentence was 20 years mandatory, day for day. Under the sentence imposed Appellant has no way to earn good-time for any program.
>
> This Appellant entered this Plea Agreement with clear understanding he had a possible option to reduce his sentence.

2

(Petition, ECF No. 1, PageID 8-9).

## Analysis

Petitioner Gerald Stallworth pleaded guilty to five counts of rape of a minor on April 10, 2018, and was sentenced to an aggregate term of twenty years imprisonment. He appealed, arguing that the sentence was too long, given the facts of the case (Appellant's Brief, State Court Record, ECF No. 9, Ex. 13). He made no argument that his plea was unknowing, unintelligent, or involuntary. Indeed, he conceded that his plea was voluntary and made after consultation with counsel. *Id.* at PageID 93. As noted above, he did not appeal to the Ohio Supreme Court after the First District upheld his sentence.

More than three years later, on October 18, 2021, he filed a post-sentence motion to withdraw his guilty plea. The trial judge denied the motion three days later, summarily and without discussion of his reasons for doing so (Entry, State Court Record, ECF No. 9, Ex. 17). Petitioner insists[1] his Motion to Withdraw was made under Ohio R. Crim. P. 32.1 which requires that such a motion be made before sentencing except if the court finds a "manifest injustice" would result.

In the body of his motion, Stallworth asserts

> Mr. Stallworth's knowledge is only based upon the information given to him by counsel. The accuracy of that information can only be tested by the Court's inquiry. Here, Mr. Stallworth was advised by counsel that he would be eligible for Early Release consideration after half his term was served.

(Motion, State Court Record, ECF No. 9, Ex. 16, PageID 112). This claim sounds as if Stallworth is claiming ineffective assistance of trial counsel and indeed he makes that claim in the next

---

[1] Petitioner believes Respondent wants his case analyzed as if he had filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. Petitioner never filed such a petition.

3

paragraph, citing *Lafler v. Cooper*, 566 U.S. 156 (2012). However, there is no record of what advice counsel gave and his opportunity to make such a record would have been in support of a petition for post-conviction relief under Ohio Revised Code § 2953.21. However, that remedy is subject to a one-year statute of limitations and the time to file such a petition expired July 7, 2020.

Stallworth also blames the trial judge for having given him advice that he could earn credit against his sentence by taking certain programs. He quotes the judge as telling him that he could not earn good-time credit

> though you may be eligible for additional days of credit, or additional credit under circumstances specified in Revised Code 2967.193, but those are not automatic, but you've got to earn those pursuant to the criteria in the statute.

(Motion, State Court Record, ECF No. 9, Ex. 13, PageID 113). Stallworth gave no indication of what he understood Ohio Revised Code § 2967.193 provided or why he would have believed he could reduce a twenty-year sentence to ten years, except what he says his lawyer told him and he has forfeited his right to present evidence of that by failing to file a petition for post-conviction relief.[2]

On appeal Stallworth, proceeding *pro se*, argued that denying his motion to withdraw without a hearing denied him due process (Appellant's Brief, State Court Record, ECF No. 9, Ex. 22). He cites no federal law whatsoever, much less any law guaranteeing him an evidentiary hearing on a very tardy motion to withdraw. The First District reviewed denial of the motion to withdraw for abuse of discretion and affirmed "because the record demonstrates that the trial court informed him that he may be able to participate in programming, not that he would be able to, and because he was informed at the time of his pleas that any sentence reduction for programming was

---

[2] That statute permits a criminal defendant to seek relief from his conviction by presenting evidence that was not available on direct appeal.

required to meet statutory requirements." (Opinion and Judgment Entry, State Court Record, ECF No. 9, Ex. 25, PageID 147).

There is no constitutional right to withdraw a guilty plea, nor any such right to an evidentiary hearing on a motion to withdraw.  The First District Court of Appeals reviewed the decision not to permit withdrawal under an abuse of discretion standard, but habeas corpus is not available to review abuse of discretion claims; abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

If Stallworth is making a stand-alone claim that his guilty plea was not knowing, intelligent and voluntary, any such claim is procedurally defaulted by not being raised on direct appeal. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."  *Bousley v. United States,* 523 U.S. 614 (1998), *citing Reed v. Farley*, 512 U.S. 339, 354 (1994).

**Conclusion**

For all of the foregoing reasons, Petitioner is not entitled to habeas corpus relief.  The Magistrate Judge accordingly respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 28, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #