IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

GERALD STALLWORTH,

        Petitioner,  :        Case No. 1:24-cv-82

    - vs -                        District Judge Matthew W. McFarland
                                    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                    :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Gerald Stallworth to obtain relief from his convictions for rape in the Hamilton County Common Pleas Court, is before the Court on Petitioner's Objection (ECF No. 14) to the Magistrate Judge's Report and Recommendation recommending the Petition be dismissed with prejudice (ECF No. 13).  District Judge McFarland has recommitted the case for consideration of the Objection (ECF No. 15).

Petitioner's Objections should be overruled for the following reasons:

**The Claim of an Invalid Guilty Plea Was Not Raised on Direct Appeal**

Stallworth was indicted in 2017 but eventually pleaded guilty in 2018 to five counts of rape of a minor.  He was sentenced July 10, 2018 (Judgment Entry, State Court Record, ECF No. 9, Ex.

1

10).  Although he appealed, he did not challenge his guilty plea on appeal.  He only made the claim that his plea was not knowing, intelligent, and voluntary more than three years later when he moved to withdraw the plea on October 18, 2021 (Motion, State Court Record, ECF No. 9, Ex. 16).

The Report concluded "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." (Report, ECF No. 13, PageID  276, citing *Bousley v. United States,* 523 U.S. 614 (1998), *citing Reed v. Farley*, 512 U.S. 339, 354 (1994)).  Petitioner has not challenged that authority in his Objection and it is binding on this Court.

**Petitioner Has Forfeited His Opportunity to Introduce New Evidence**

Stallworth relies on his own stated understanding of the plea colloquy and what he says his attorney told him about what the plea agreement meant.  However, there is no basis in the evidence for those claims.  Ohio law provides a vehicle for introducing evidence of constitutional violations that cannot be shown from the trial record.  For up to a year after a case is final on direct appeal, a defendant may file a petition for post-conviction relief under Ohio Revised Code § 2953.21 to introduce new evidence of such violations.  However, there is a one-year statute of limitations on such petitions and Stallworth never filed one.  Where the state courts decided a constitutional claim on the merits, a habeas petitioner may not introduce new evidence. *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

**Petitioner's Cited Authority Does Not Support Relief**

In his Objections, Stallworth cites a number of decisions from other courts as authority for his position. They are not persuasive.

In *State v. Tutt,* 2015-Ohio-5145 (Ohio App. 8th Dist. 2015), the trial court was found to have failed to substantially comply with Ohio R. Crim. P. 11(C)(2)(a) by failing to tell the defendant that he was ineligible for probation or community control. In this case the trial judge clearly informed Stallworth that any imposed prison sentence would be mandatory (Transcript, State Court Record, ECF No. 9-1, PageID 200-01). He also said that in light of the nature of the charges, he was not even going to discuss community control as an option. *Id.* at PageID 202-03.

In *Lacking v. Jenkins*, 2016 U.S. Dist. LEXIS 115567 (S.D. Ohio Aug. 29, 2016), my colleague, Magistrate Judge Norah McCann King, recommended denying habeas relief to a petitioner who claimed his plea was not knowing, intelligent, and voluntary. She noted that the trial judge had described the sentence as required to be served "day for day," which is the language Stallworth asserts should have been used in his case. But Judge King in no way suggested that that language was mandatory. She used that language as part of assessing the "totality of the circumstances" show the petitioner there understood his guilty plea.

Petitioner's final authority, *State v. Beck,* 2024-Ohio-578, does not appear at the location cited and the Magistrate Judge is therefore unable to assess it applicability.

**Conclusion**

Having reviewed Petitioner's Objections, the Magistrate Judge finds they are without merit. Accordingly, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 21, 2025.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.