# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

GERALD STALLWORTH,

        Petitioner,   :      Case No. 1:24-cv-82

    - vs -                    District Judge Matthew W. McFarland
                                Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                          :
        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 16). District Judge McFarland has again recommitted the case for the Magistrate Judge's consideration of this new set of objections (ECF No. 20).

Petitioner objects in particular to the Magistrate Judge's characterization of his motion to the trial court as a "delayed post-conviction petition under Ohio Revised Code § 2953.21." (Objections, ECF No. 19, PageID 291). No such characterization is made in the Supplemental Report.

Stallworth asserts that as soon as he learned that he was not eligible to earn early release, "[h]e immediately submitted his Post-Sentence Motion to Withdraw his Plea, pursuant to Ohio Crim. R. 32.1." (Objections, ECF No. 19, PageID 292). That Motion appears in the State Court

1

Record (ECF No. 9 at Ex. 16). The Report and Supplemental Report do not treat this motion as untimely.

Petitioner correctly asserts that guilty pleas must be knowing, intelligent, and voluntary (Objections, ECF No. 19, PageID 293). See *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *Abdus-Samad v. Bell*, 420 F.3d 614, 631 (6th Cir. 2005); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). Stallworth claims he would have understood what he was pleading guilty to if the trial judge had described the mandatory sentence as being required to be served "day-for-day." He admits that using that language is not mandatory, but claims "to ensure clarity, most courts include this language." (Objections, ECF No. 19, PageID 293). That assertion is made without any proof. How does Petitioner know what "most courts" do? Which if any courts have held omission of that language renders a guilty plea invalid?

In his Motion to Withdraw his guilty plea he asserted

> Mr. Stallworth's knowledge is only based upon the information given to him by counsel. The accuracy of that information can only be tested by the Court's inquiry. Here, Mr. Stallworth was advised by counsel that he would be eligible for Early Release consideration after half his term was served.

(Motion, State Court Record, ECF No. 9, Ex. 16, PageID 112). Stallworth's assertion about what his attorney told him is not backed up with any evidence of record. Stallworth could have made what he heard from his attorney a matter of record if he had filed a petition for post-conviction relief under Ohio Revised Code § 29543.21, but he did not. Nor did he support his Motion to Withdraw Guilty Plea with any affidavit of facts, either as to what his attorney told him or what he himself understood.

**Conclusion**

Petitioner's renewed objections are without merit. The Magistrate Judge again recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 21, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #