IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| GERALD STALLWORTH, | : | Case No. 1:24-cv-82 |
| Petitioner, | : | Judge Matthew W. McFarland |
| vs. | : | |
| WARDEN, London Correctional Institute, | : | |
| Respondent. | : | |

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS (DOC. 13, 16, 21)

This action is before the Court upon the Report and Recommendations, Supplemental Report and Recommendations, and Second Supplemental Report and Recommendations (collectively, the "Reports") (Doc. 13, 16, 21) of United States Magistrate Judge Michael R. Merz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Reports, the Magistrate Judge recommends that the Court dismiss the action with prejudice. Petitioner filed Objections (Doc. 14) to the first Report and Recommendations (Doc. 13), prompting this Court to issue a Recommittal Order (Doc. 15). The Magistrate Judge then issued a Supplemental Report and Recommendations (Doc. 16), to which Petitioner again objected (Doc. 19). The Court issued another Recommittal Order (Doc. 20), prompting the Magistrate Judge to file his Second Supplemental Report and Recommendations (Doc. 21). Petitioner filed Objections (Doc. 22) to this Report as well. Respondent has not responded to any Reports or Petitioner's Objections.

## BACKGROUND

### I. Litigation History

Petitioner appealed his original sentence in the Ohio First District Court of Appeals, arguing that his sentence was too long, given the facts of the case. (Appellant's Brief, State Court Record, Doc. 9-13.) He did not argue that his plea was unknowing, unintelligent, or involuntary. (*Id.*) The Court of Appeals upheld his sentence, and Petitioner did not appeal this decision to the Ohio Supreme Court. Then, over three years after his appeal, on October 18, 2021, Petitioner filed a post-sentence motion to withdraw his guilty plea, which the trial judge denied. (Motion, State Court Record, Doc. 9-16; Entry, State Court Record, Doc. 9-17.)

In the motion, Petitioner made a claim for ineffective assistance of trial counsel, arguing that his attorney gave him bad advice. (Motion, State Court Record, Doc. 9-16, Pg. ID 112.) Specifically, Petitioner claimed that his attorney advised him that he would be eligible for early release consideration after half of his term was served. (*Id.*) Petitioner also states that the trial judge gave him incorrect advice that he could earn credit against his sentence by taking certain programs, pursuant to Ohio Revised Code § 2967.193. (Motion, State Court Record, Doc. 9-13, Pg. ID 113.) Petitioner then appealed the trial court's decision, arguing that denying his motion to withdraw his guilty plea without a hearing denied him due process. (Appellant's Brief, State Court Record, Doc. 9-22.) But, he did not cite any law that guarantees him an evidentiary hearing on this untimely motion to withdraw. (*Id.*) The First District Court of Appeals affirmed the lower court's

denial of his motion. (Opinion and Judgment Entry, State Court Record, Doc. 9-25, Pg. ID 147.)

## II. The Petition

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on February 21, 2024, pleading only one ground for relief. (Doc. 1.) Petitioner seeks relief because the "Trial Court Denied Appellant's Right to Due Process, when it failed to conduct a Hearing on Motion to Withdraw Guilty Plea." (*Id.* at Pg. ID 8-9.) He supports his claim for relief by stating that the trial judge incorrectly led him to believe that the law required a prison sentence, but that he could reduce his sentence by participating in approved programs. (*Id.*) Based on the judge's words and advice from his counsel, Petitioner thus believed he could "earn away to get out early." (*Id.*) The judge never stated that Petitioner's sentence was "20 years mandatory, day for day." (*Id.*) Nor did the judge tell him that, under his sentence, there is no way for him to earn credit with any program. (*Id.*) Petitioner therefore claims that he entered his plea agreement with the understanding that he had a possibility to reduce his sentence, which was false. (*Id.*)

## LAW & ANALYSIS

In the first Report and Recommendations, the Magistrate Judge asserts that Petitioner is not entitled to habeas corpus relief (Report, Doc. 13, Pg. ID 276.) Regarding the ineffective assistance of counsel claim, the Report points out that there is no record of what advice Petitioner's counsel gave him. (*Id.* at Pg. ID 275.) The Report states that Petitioner could have made a record of that if he had filed a petition for post-conviction relief pursuant to Ohio Revised Code § 2953.21, but such a petition under § 2953.21 is

3

subject to a one-year statute of limitations. (*Id.*) Petitioner did not file a petition for post-conviction relief in that time. (*Id.*) Furthermore, the Report addresses the claim that the trial judge gave Petitioner incorrect advice about shortening his term pursuant to Ohio Revised Code § 2967.193. Petitioner did not indicate what he believed § 2967.193 provided, or "why he would have believed he could reduce a twenty-year sentence to ten years, except what he says his lawyer told him." (*Id.*) Again, Petitioner forfeited his right to present that evidence by failing to file a petition for post-conviction relief. (*Id.*)

In his Objections to the first Report, Petitioner states that the Report does not support the trial court record. Specifically, Petitioner claims that the trial court erred and misled him when it told him that he could be eligible for additional credit toward his sentence; in reality, the statute renders him ineligible for any reduction in his sentence. (*Id.*) However, beyond restating the same arguments he made in his Petition, Petitioner does not specifically address the reasonings or conclusions of the Report that he believes are incorrect. Such nonspecific objections are, in effect, restatements of prior arguments and amount to a failure to object. *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). As such, these objections are not well-taken.

Nevertheless, per this Court's Recommittal Order (Doc. 15), Magistrate Judge Merz issued a Supplemental Report and Recommendations addressing these Objections. The Supplemental Report states that, first, Petitioner's contention that his guilty plea was invalid fails because he did not raise his plea on direct appeal. As the Report and Supplemental Report point out, "[T]he voluntariness and intelligence of a guilty plea can

4

be attacked on collateral review only if first challenged on direct review." (Report, ECF No. 13, PageID 276, citing *Bousley v. United States*, 523 U.S. 614 (1998), *citing Reed v. Farley*, 512 U.S. 339, 354 (1994); Supplemental Report, Doc. 16, Pg. ID 285). Furthermore, the Supplemental Report reiterates that Petitioner's attempt to introduce evidence of his attorney's advice about his guilty plea is time-barred. (Supplemental Report, Doc. 285.) Indeed, there is a one-year statute of limitations on filing petitions for post-conviction relief under Ohio Revised Code § 2953.21. And, "where the state courts decided a constitutional claim on the merits, a habeas petitioner may not introduce new evidence." (*Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170 (2011).) *Pinholster* prevents a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024) (quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020)). Thus, the Magistrate Judge did not err in not accepting Petitioner's new evidence from outside the trial record.

Petitioner also objected to the Supplemental Report. (Doc. 19.) Once again, though, many of these Objections restate the arguments from his Petition and the first set of Objections. For the same reasons as the Court stated above, these Objections, too, are not well-taken. *See Bradley*, 2018 WL 5084806, at *3; *Cole*, 7 F. App'x at 356. To the extent that Petitioner's second set of Objections raises new challenges to the reasoning and findings of the Supplemental Report, the Court will address the Second Supplemental Report's response to these Objections below.

This Court again issued a Recommittal Order (Doc. 20) to the Magistrate Judge, allowing the Magistrate Judge to file a Second Supplemental Report (Doc. 21) to address

Petitioner's second set of Objections. In this Second Supplemental Report, the Magistrate Judge indicates that Petitioner has misstated the Supplemental Report's characterization of his motion to withdraw his plea as a "delayed post-conviction petition under Ohio Revised Code § 2953.21." (Second Supplemental Report, Doc. 21, Pg. ID 296.) Rather, the Second Supplemental Report states that "no such characterization [was] made." (*Id.*) Indeed, neither the Report nor the Supplemental Report claim that Petitioner's motion was untimely. (*Id.* at Pg. ID 296-97; *see also* Report, Doc. 13; Supplemental Report, Doc. 16.) It only states that Petitioner forfeited his opportunity to put evidence of his attorney's advice and the judge's misstatements on the record by not filing a post-conviction petition in the one-year period. (*See* Report, Doc. 13, Pg. ID 275.)

Furthermore, the Second Supplemental Report addresses Petitioner's claim that his guilty plea was not knowingly, voluntarily, and intelligently made because the trial judge did not include language that his sentence was to be served "day-for-day." (Second Supplemental Report, Doc. 21, Pg. ID 297.) Petitioner, though, "admits that this language is not mandatory," but states that most judges use the language. (*Id.*) The Second Supplemental Report points out that Petitioner cites no proof of that claim. (*Id.*) And, as the Second Supplemental Report asserts, Petitioner cannot point to any case law supporting his contention that, without that language, a guilty plea is not valid. (*Id.*) Finally, the Second Supplemental Report confronts Petitioner's argument that he did not attempt to enter new evidence into the record. The Second Supplemental Report reiterates that Petitioner's assertion of his attorney's statements is not on the record; Petitioner could have put such evidence on the record if he had sought post-conviction

6

relief under Ohio Revised Code § 2953.21 or included an affidavit with his Motion to Withdraw Guilty Plea. (*Id.*)

Petitioner lodged a third set of Objections (Doc. 22) against this Second Supplemental Report. However, these Objections are a restatement of his prior objections (Docs. 14, 19) and do not raise any new arguments challenging the reasoning or findings of the Second Supplemental Report. They, like the others, are not well-taken. *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

\* \* \*

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that all three Reports thoroughly and properly address Petitioner's claims and Objections. Petitioner's Objections (Docs. 14, 19, 22) are not well-taken and are accordingly **OVERRULED**. The Court agrees with the Reports' findings and **DISMISSES WITH PREJUDICE** the Petition (Doc. 1). Further, this Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a), that for the foregoing reasons, an appeal of this Order would not be taken in good faith and therefore **DENIES** Petitioner leave to appeal *in forma pauperis*. This case shall be **TERMINATED** on the Court's docket.

IT IS SO ORDERED.

By: *Matthew W. McFarland*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE

8